UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANN MARIE HAGERTY, AS EXECUTRIX OF ESTATE OF MARIE T. COOKE<br>33 Baker Ave.<br>Cincinnati, Ohio 45217<br><br>CHARLES W. HULL, AS ATTORNEY-IN-FACT FOR MARGARET F. HULL=<br>8181 Glenmill Ct.<br>Cincinnati, Ohio 45249<br><br>**Plaintiffs,**<br><br>v.<br><br>JAMES C. GAFFORD<br>982 Trail Ridge Circle<br>LaVergne, Tennessee 37086<br><br>CAROL GAFFORD<br>982 Trail Ridge Circle<br>LaVergne, Tennessee 37086<br><br>LFD CHRISTIAN FOUNDATION, INC.<br>982 Trail Ridge Circle<br>LaVergne, Tennessee 37086<br><br>LAVERGNE FIRE DEPT., INC.<br>982 Trail Ridge Circle<br>LaVergne, Tennessee 37086<br><br>**Defendants.** | ) ) ) ) ) ) ) ) ) ) Case No. _____ ) ) ) ) ) ) ) JURY DEMAND ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Plaintiffs Ann Marie Hagerty, Executrix of the Estate of Marie T. Cooke, and Charles W. Hull, Attorney-in-Fact for Margaret F. Hull (collectively, "Plaintiffs"), through their undersigned counsel and on behalf of LaVergne Fire Department, Inc., state for their Complaint against Defendants James C. Gafford, Carol Stone Gafford, and LFD Christian Foundation, Inc. (collectively, "Defendants"), as follows:

## NATURE OF THE ACTION

This action arises out of James C. Gafford's ("Gafford") reckless and unlawful operation of LaVergne Fire Department, Inc. ("LaVergne Fire" or the "Company") and his blatant disregard for the rights of Plaintiffs as 40% shareholders in the Company. As President and majority shareholder, Gafford ran LaVergne Fire in any manner he desired and in direct violation of Tennessee law, and for years acted without shareholder notification, authorization, or accountability in order to pay himself excessive and unreasonable compensation, make exorbitant and unauthorized contributions to a foundation controlled by him and his wife, and to avoid corporate obligations such as holding annual shareholder meetings, disclosing pertinent financial information, and declaring dividends.

In 2013, without prior shareholder notification or approval, Gafford agreed to sell substantially all of the assets and real estate owned by LaVergne Fire to the City of LaVergne in exchange for $4,000,000. Despite repeated requests, Gafford has refused to distribute a portion of the sale proceeds to Plaintiffs and continues to ignore their rights as 40% shareholders.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Ann Marie Hagerty ("Hagerty") is an individual residing in Cincinnati, Ohio. Hagerty is the Executrix of the Estate of Marie T. Cooke, who owned 20% of the outstanding shares of LaVergne Fire at the time of her death in 2014. Ms. Hagerty is pursuing this action in her capacity as Executrix of Ms. Cooke's Estate.

2. Plaintiff Charles W. Hull ("Hull") is an individual residing in Cincinnati, Ohio. Hull is the Attorney-in-Fact for his mother, Margaret F. Hull, who currently owns 20% of the outstanding shares of LaVergne Fire. Mr. Hull is pursuing this action in his capacity as Attorney-in-Fact for Ms. Hull.

3. Nominal Defendant LaVergne Fire is a Tennessee closely held corporation. LaVergne Fire operated as a privately owned independent fire company and until January 1, 2014, provided all fire-related services for the City of LaVergne, Tennessee.

4. Defendant James C. Gafford ("Gafford") is an individual residing at 982 Trail Ridge Circle, LaVergne, Tennessee 37086. Mr. Gafford is President of LaVergne Fire and co-founder of LFD Christian Foundation, Inc. Mr. Gafford owns 60% of the outstanding shares of LaVergne Fire.

5. Defendant Carol Stone Gafford is an individual residing at 982 Trail Ridge Circle, LaVergne, Tennessee 37086. Mrs. Gafford is Secretary and Treasurer of LaVergne Fire's Board of Directors and co-founder of LFD Christian Foundation, Inc.

6. Defendant LFD Christian Foundation, Inc. ("LFD Foundation") is a non-profit organization registered with the Tennessee Department of State, Division of Charitable Solicitations and Gaming. LFD Foundation was founded by James C. and Carol Stone Gafford and is headquartered at 982 Trail Ridge Circle, LaVergne, Tennessee 37086.

## JURISDICTION AND VENUE

7. Jurisdiction is founded on 28 U.S.C. § 1332(a)(1). The citizenship of the parties is diverse and the amount in controversy exceeds $75,000. Plaintiffs are both citizens of Ohio, and all of the Defendants are citizens of Tennessee.

8. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(c), as all Defendants either reside or are headquartered in this District and a substantial portion of the events or omissions giving rise to the claims occurred in this District.

# FACTS COMMON TO ALL COUNTS

## A. The Parties And General Background

9. In or around 1965, Adolphus Carl Wintermeyer ("Wintermeyer") and Mr. Gafford founded LaVergne Fire based in LaVergne, Tennessee.

10. LaVergne Fire is a closely held independent fire company that operated as the exclusive provider of fire-related services for the City of LaVergne from 1965 until 2014. As of January 1, 2014, the City of LaVergne was one of only two municipalities in Tennessee that still used a private company to run its fire department.

11. LaVergne Fire and the City of LaVergne entered into a Fire Service Contract pursuant to which LaVergne Fire agreed to provide firefighting services to the City of LaVergne in exchange for an agreed upon payment. The Fire Service Contract automatically renewed at the expiration of each term. LaVergne Fire agreed to provide all aspects of firefighting services to the City of LaVergne, including, but not limited to, responding to emergency calls, hiring and training firefighters, operating and maintaining fire stations and equipment, and implementing and maintaining fire prevention and hazardous materials response plans.

12. Mr. Wintermeyer died on November 30, 2000. At the time of his death, Mr. Wintermeyer owned 500 shares of LaVergne Fire, representing a 50% ownership stake in the Company.

13. Acting pursuant to a May 30, 1990 Buy and Sell Agreement between he and Mr. Wintermeyer, Mr. Gafford purchased 100 of Mr. Wintermeyer's shares in LaVergne Fire upon his death. Following this purchase, Mr. Gafford became the majority owner of LaVergne Fire by virtue of his ownership of 600 of the 1,000 outstanding shares in the Company.

14. Mr. Wintermeyer's remaining shares in LaVergne Fire were distributed evenly to his two sisters, Marie T. Cooke and Margaret F. Hull, giving them 200 shares apiece and making them each 20% owners in the Company.

15. Ms. Cooke passed away on July 13, 2014, leaving 200 shares of LaVergne Fire to her Estate. Ms. Hagerty, one of Ms. Cooke's three children, was appointed as Executrix of Ms. Cooke's Estate.

16. Ms. Hull remains the owner of 200 shares of LaVergne Fire. Mr. Hull, her son, is pursuing these claims against Defendants as her Attorney-in-Fact.

### B. The Gaffords' Breach of Fiduciary Duty, Shareholder Oppression of Plaintiffs, and Repeated Violations of Corporate Obligations

17. Following the death of Mr. Wintermeyer, Mr. Gafford seized control of LaVergne Fire and oppressed and continues to oppress the Plaintiffs despite the fact that they own 40% of LaVergne Fire.

18. In or around 2005, Mr. Gafford wrongfully entrenched himself and several other employees and non-employees as members of the LaVergne Fire Board of Directors, without prior shareholder approval or required corporate authorization. Notably, Mr. Gafford appointed his wife, Carol Stone Gafford, as Secretary and Treasurer of LaVergne Fire's Board of Directors.

19. As President of LaVergne Fire and a member of the Board of Directors, Mr. Gafford owes fiduciary duties of care and loyalty to Plaintiffs. Additionally, Mr. Gafford, as a shareholder of LaVergne Fire, owes fiduciary duties not only to LaVergne Fire, but also owes heightened fiduciary duties of utmost good faith and loyalty to Plaintiffs because LaVergne Fire is a closely held corporation.

20. As Secretary and Treasurer of LaVergne Fire's Board of Directors, Carol Stone Gafford owes fiduciary duties of care and loyalty to Plaintiffs.

21. Despite these duties, Mr. Gafford has operated LaVergne Fire for years in any manner that he desired, without regard for Plaintiffs' rights as shareholders and without any shareholder authorization or accountability. As a result, Plaintiffs have been deprived of their rights as 40% shareholders. Mr. Gafford is not only President and a 60% shareholder, but he has operated LaVergne Fire in disregard of Tennessee law and corporate governance principles, and for his own benefit at the expense of Plaintiffs.

22. In particular, Mr. Gafford has exclusively operated LaVergne Fire for decades without holding any annual shareholders' meetings, a direct violation of Tennessee law.

23. Plaintiffs have repeatedly requested that LaVergne Fire hold shareholders meetings in order to allow them to learn about the operations and finances of the Company and to vote on corporate matters. These requests have been ignored and rejected on several occasions, allowing Mr. Gafford to perpetuate his unauthorized usurpation of corporate authority.

24. Despite repeated requests from Plaintiffs, Mr. Gafford has also refused to provide Plaintiffs with updated financial information for LaVergne Fire, including balance sheets, income statements, and property and loss statements.

25. Plaintiffs and their predecessors-in-interest have been shareholders of LaVergne Fire for over 25 years, yet Mr. Gafford has never held a shareholders meeting, declared a dividend, distributed financial information, or sought shareholder approval before taking any action on behalf of the Company.

26. Mr. and Mrs. Gaffords' willingness to operate LaVergne Fire without honoring corporate formalities or conforming to Tennessee legal requirements, and derogating Plaintiffs' rights as 40% shareholders, constitutes shareholder oppression, a wrongful usurpation of

corporate authority, unauthorized ultra vires acts, and exposes LaVergne Fire and its shareholders to potential personal liability.

C. **The Gaffords' Misappropriation of Corporate Assets and Corporate Waste**

27. Mr. and Mrs. Gafford have enriched themselves through the misappropriation of corporate opportunities and corporate assets to the detriment of Plaintiffs.

28. Among the ways that Mr. Gafford has misappropriated LaVergne Fire's corporate assets is by paying himself excessive sums in the form of salary and total compensation. Mr. Gafford's total compensation from 2008 through 2014 exceeded $2.5 million, including $506,800 in 2009 and 2011; $524,100 in 2012; and $563,700 in 2013. These excessive sums were paid to Mr. Gafford without notice to the Plaintiffs and without first obtaining Plaintiffs' approval as shareholders and owners of the Company.

29. The exorbitant compensation levels for Mr. Gafford are even more notable because there is no correlation between his compensation and the performance or revenues generated by LaVergne Fire. Rather, Mr. Gafford ran the Company at his sole discretion and paid himself whatever he pleased, without ever paying a dividend or making a financial distribution to Plaintiffs.

30. In addition to Mr. Gafford's unauthorized and excessive compensation, Mr. and Mrs. Gafford caused excessive and unauthorized contributions to be made from LaVergne Fire to a non-profit organization that they founded and controlled.

31. Specifically, Mr. and Mrs. Gafford formed LFD Foundation in or around 2007. From 2008 through 2014, Mr. and Mrs. Gafford acted without prior authorization and transferred over $515,000 from LaVergne Fire to LFD Foundation, including $323,990 in 2010 alone. Like Mr. Gafford's compensation, the unauthorized transfer of funds from LaVergne Fire to LFD

Foundation were made without regard to the performance and revenues generated by LaVergne Fire.

32. Mr. and Mrs. Gafford treated LaVergne Fire as their personal slush fund and enjoyed unauthorized and excessive salaries, contributions to their own organization, and other improper expenses, while disregarding Plaintiffs rights as 40% shareholders of the Company.

33. Plaintiffs made repeated requests upon Mr. Gafford to hold shareholders meetings and to provide financial information relating to LaVergne Fire's performance. Mr. Gafford never provided the requested information or held a shareholders meeting, causing Plaintiffs substantial harm.

D. **Unauthorized Sale of LaVergne Fire & Unlawful Retention of Sale Proceeds**

34. On or about December 17, 2013, Mr. Gafford, acting without the prior knowledge or consent of Plaintiffs, entered into the Asset and Real Estate Purchase Agreement (the "Purchase Agreement") with the City of LaVergne, pursuant to which Mr. Gafford agreed to sell substantially all of the assets and real estate of LaVergne Fire to the City of LaVergne. A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit 1**. Under the Purchase Agreement, the City of LaVergne agreed to pay $3,652,000 to LaVergne Fire, with $1,652,000 due on or before January 2, 2014, and the remaining $2,000,000 due on or before January 2, 2015.

35. As part of the Purchase Agreement, Mr. Gafford agreed to sell to the City of LaVergne all of LaVergne Fire's Accounts Receivable, equipment, furniture, supplies, and fixed assets, certain records and materials maintained in the ordinary course of business, all leases of any portion of real estate owned by LaVergne Fire, and all real estate owned by LaVergne Fire (the "Assets").

36.     In conjunction with the Purchase Agreement, Mr. Gafford separately executed a Bill of Sale on or around December 31, 2013, causing LaVergne Fire to transfer all of its right, title, and interest in the Assets to the City of LaVergne in exchange for an additional $348,000 – bringing the total purchase price to $4,000,000.  A true and correct copy of the Bill of Sale is attached hereto as **Exhibit 2**.  This transfer was done without the knowledge or consent of Plaintiffs.

37.     Upon learning about the sale, Plaintiffs made repeated demands upon Mr. Gafford to void the sale and restore the Assets to LaVergne Fire, but Mr. Gafford ignored Plaintiffs' requests and to date, has failed to comply with these demands.

39.     Alternatively, as 40% shareholders of LaVergne Fire, Plaintiffs have demanded a minimum payment of $1,600,000, representing 40% of the purchase price paid by the City of LaVergne.  To date, Mr. Gafford has ignored Plaintiffs' demands and refuses to pay Plaintiffs any portion of the sale proceeds, despite their ownership interest in the Company.  This has resulted in injury to Plaintiffs and caused them to suffer substantial damages.

E.      **Derivative Allegations**

40.     Plaintiffs bring this action both directly and derivatively in the right of and for the benefit of LaVergne Fire, to redress injuries caused by Mr. and Mrs. Gafford's misappropriation of corporate assets and breaches of fiduciary duty, and to recover corporate assets which Mr. and Mrs. Gafford have wasted and misappropriated for their personal benefit.  LaVergne Fire is named as a nominal defendant in a derivative capacity.

41.     Plaintiffs were shareholders of LaVergne Fire at the time of the transactions and breaches complained of herein and continue to hold such shares.

42. Plaintiffs will adequately and fairly represent the interests of LaVergne Fire in enforcing and prosecuting the rights of this Company. Plaintiffs are represented by qualified counsel with substantial experience in corporate governance litigation of this nature.

43. It would be futile for Plaintiffs to make a demand on the Board of Directors of LaVergne Fire for several reasons. First, the present Board of Directors includes Mr. and Mrs. Gafford, both of whom are named as defendants in this lawsuit. The Gaffords continue to ignore the corporate governance requirements of the Company and Tennessee law, including failing to hold Board of Directors meetings. Second, Mr. and Mrs. Gafford operated LaVergne Fire as their personal fiefdom and are unconstrained by the appropriate norms of corporate behavior. A demand would require Mr. and Mrs. Gafford to investigate and bring claims that arise out of their own conduct as described herein. The actions of Mr. and Mrs. Gafford to date conclusively demonstrate that they will not take action to correct their own misconduct. Mr. and Mrs. Gafford have intentionally and/or recklessly, and in the absence of good faith, disregarded the best interests of LaVergne Fire and personally participated in the wrongdoing detailed herein.

## COUNT I
### (Breach of Fiduciary Duties Owed to Plaintiffs and Shareholder Oppression against James C. Gafford and Carol Stone Gafford)

44. Plaintiffs incorporate by reference, as if fully re-written herein, the allegations contained in Paragraphs 1 through 43 of this Complaint.

45. As a shareholder in a closely held corporation, Mr. Gafford owes Plaintiffs heightened fiduciary duties of utmost good faith, fair dealing, trust, confidence, and loyalty. In addition, as a member of the Board of Directors and a corporate officer, Mr. Gafford owes Plaintiffs a duty of care, a duty of loyalty, and a duty to act in good faith, in a manner reasonably believed to be in or not opposed to the best interests of the corporation, and with the care that an ordinarily prudent person in a like position would use under similar circumstances.

- 10 -

Case 3:15-cv-00584   Document 1   Filed 05/22/15   Page 10 of 15 PageID #: 10

46. As Secretary and Treasurer of LaVergne Fire's Board of Directors, Mrs. Gafford owes Plaintiffs a duty to act in good faith, in a manner reasonably believed to be in or not opposed to the best interests of the corporation, and with the care that an ordinarily prudent person in a like position would use under similar circumstances.

47. By reason of the facts described herein, both Mr. and Mrs. Gafford breached their fiduciary duties to Plaintiffs, oppressed Plaintiffs by failing to recognize them as shareholders of LaVergne Fire, and personally enriched themselves and their foundation at Plaintiffs' expense.

48. As a direct and proximate result of the breach of fiduciary duties by Mr. and Mrs. Gafford, Plaintiffs have been damaged in an amount to be proven at trial, but which exceeds Two Million Dollars ($2,000,000).

49. In addition to and independent of the foregoing, Plaintiffs have been deprived of their rights as 40% shareholders of a closely held corporation and, as a direct and proximate result they have suffered and continue to suffer immediate, irreparable harm for which there is no adequate remedy at law.

## COUNT II
**(Individual Claim for Violation of Corporate Requirements against James C. Gafford)**

50. Plaintiffs incorporate by reference, as if fully re-written herein, the allegations of Paragraphs 1 through 49 of this Complaint.

51. By virtue of the acts described herein, Mr. Gafford has repeatedly and knowingly violated several requirements of Tennessee Corporate law including, but not limited to, convening annual meetings and disclosing financial information to shareholders.

52. As a direct and proximate result of Mr. Gafford's willingness to operate LaVergne Fire without honoring corporate formalities or Tennessee legal requirements, he has engaged in shareholder oppression of Plaintiffs, wrongful usurpation of corporate authority, and

unauthorized ultra vires acts that deprived Plaintiffs of their rights as 40% shareholders of LaVergne Fire. As a direct and proximate result, Plaintiffs have suffered and are continuing to suffer immediate irreparable harm for which there is no adequate remedy at law.

## COUNT III
### (Derivative Claim for Misappropriation of Corporate Assets and Corporate Waste against James C. Gafford and Carol Stone Gafford)

53. Plaintiffs incorporate by reference, as if fully re-written herein, the allegations of Paragraphs 1 through 52 of this Complaint.

54. By virtue of the acts described herein, Mr. and Mrs. Gafford have engaged in misappropriation of LaVergne Fire assets and corporate waste. As a direct and proximate result of the actions described herein, Mr. and Mrs. Gafford have caused Plaintiffs to suffer damages in an amount to be proven at trial, but which exceeds Two Million Dollars ($2,000,000.00).

## COUNT IV
### (Unjust Enrichment Against All Defendants)

55. Plaintiffs incorporate by reference, as if fully re-written herein, the allegations of Paragraphs 1 through 54 of this Complaint.

56. Through unauthorized transfers of LaVergne Fire's corporate assets to Defendants Mr. and Mrs. Gafford and LFD Foundation, a benefit was conferred upon Defendants that they were not entitled to retain and for which Defendants did not provide adequate consideration.

57. It would be unjust and inequitable to allow Defendants to retain the unauthorized benefits conferred upon them without payment of adequate consideration.

58. As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs have suffered great loss as the value of their ownership interest in LaVergne Fire was reduced by the amount of the unauthorized transfers to Defendants. Based upon Defendants' unjust enrichment, Plaintiffs are entitled to rescind all transfers of assets from LaVergne Fire to Defendants.

12

Case 3:15-cv-00584   Document 1   Filed 05/22/15   Page 12 of 15 PageID #: 12

# COUNT V
## (Declaratory Judgment
## Against All Defendants)

59. Plaintiffs incorporate by reference, as if fully re-written herein, the allegations of Paragraphs 1 through 58 of this Complaint.

60. A real and present controversy exists between and among Plaintiffs and Defendants concerning the operation of LaVergne Fire, compensation paid to Mr. Gafford as President of LaVergne Fire, the transfer of LaVergne Fire assets to LFD Foundation, and the sale of the LaVergne Fire's Assets to the City of LaVergne.

61. Plaintiffs request a declaration that at least a portion of the total compensation paid to Mr. Gafford from 2008 through 2014 was unauthorized and excessive and was paid in violation of Tennessee law, that all or some of the compensation must be restored to LaVergne Fire, and that Mr. Gafford must account to LaVergne Fire and its shareholders for all income and profits realized through the receipt of excessive compensation from 2008 through 2014.

62. Plaintiffs request a declaration that the transfer of corporate assets from LaVergne Fire to LFD Foundation was unauthorized and a violation of Tennessee law, that the assets transferred to LFD Foundation must be restored to LaVergne Fire, and that Mr. and Mrs. Gafford and LFD Foundation must account for all income and profits realized through the unlawful transfer and receipt of funds by LFD Foundation.

63. Plaintiffs request a declaration that Mr. Gafford's unauthorized sale of the Assets of LaVergne Fire in December 2013 is void under Tennessee law, that the Assets must be restored to the Company, and that Mr. and Mrs. Gafford must account to the Company and its shareholders for all income, revenue, and profits realized through the sale of the Assets of LaVergne Fire from and after December 13, 2013.

## COUNT VI
## (Accounting)

64. Plaintiffs incorporate by reference, as if fully re-written herein, the allegations of Paragraphs 1 through 63 of this Complaint.

65. Mr. and Mrs. Gafford have caused LaVergne Fire to expend significant corporate assets for their personal use.

66. Given the fact that they have been excluded from LaVergne Fire management and that no financial information has been provided to them, Plaintiffs have no means of ascertaining the exact amount of corporate assets that Mr. and Mrs. Gafford have misappropriated for improper purposes.

Wherefore, having set forth their claims herein, Plaintiffs respectfully request that this Court enter judgment as requested in each of the Counts of this Complaint:

    (a) On all Counts, awarding compensatory damages in an amount to be proven at trial, by reason of the breach of fiduciary duties, shareholder oppression, misappropriation of corporate assets, violations of corporate requirements, and unjust enrichment by Defendants;

    (b) On Count V, declarations as set forth in Paragraphs 60-62 of the Complaint;

    (c) For a preliminary and permanent injunction as follows:

        (i) Requiring compliance with Tennessee law including, but not limited to, requiring a special meeting of the shareholders to discuss distribution of the sale proceeds and to disclose financial records and related financial information of LaVergne Fire.

        (ii) Prohibiting Defendants from withdrawing any funds or assets belonging to LaVergne Fire or using any funds or assets belonging to LaVergne Fire for their personal use.

        (iii) Requiring Defendants to restore all amounts received from the sale of LaVergne Fire's Assets to the Company.

        (iv) Requiring LaVergne Fire to distribute the proceeds from the sale of the Assets to shareholders in an amount equal to the shareholders' percentage of ownership of the Company.

(v) Enjoining Defendants from taking improper, unilateral control of LaVergne Fire without honoring corporate formalities or conforming to Tennessee legal requirements and engaging in the wrongful usurpation of corporate authority and unauthorized ultra vires acts.

(d) An accounting and award of damages to LaVergne Fire and Plaintiffs for all sums by which Defendants, through their wrongful conduct, have unjustly enriched themselves;

(e) Attorney's fees and expenses incurred in bringing this action;

(f) For punitive damages to be determined at trial; and

(g) Such other and further relief to which Plaintiffs may be entitled.

Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

*[signature]*
_____
Brad A. Lampley (BPR # 20864)
Rocklan W. King, III (BPR #30643)
ADAMS AND REESE LLP
Fifth Third Center
424 Church Street, Suite 2800
Nashville, TN 37219
Telephone: (615) 259-1450
Facsimile: (615-259-1470
brad.lampley@arlaw.com
rocky.king@arlaw.com

OF COUNSEL:
Joseph P. Rouse (0021800)
William N. Minor (0084153)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202
Tel: (513) 579-6400
Fax: (513) 639-3932
Email: wminor@kmklaw.com
*(Pro hac vice application to be filed)*

**Attorneys for Plaintiffs**